IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| HELEN R. ESTEBAN, as Executrix of the ESTATE OF EDNA P. CRAWFORD,<br><br>Plaintiff,<br><br>v.<br><br>REGIONS BANK,<br><br>Defendant. | CASE NO. 3:08-CV-138-JTC |

## DEFENDANT REGIONS BANK'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, Defendant Regions Bank ("Regions") moves for partial summary judgment on the claims asserted against it by the Estate of Edna P. Crawford (the "Estate") as follows:

- To the extent the Estate claims that Regions was knowingly complicit in the alleged misappropriation of funds from the account of its decedent, Regions is entitled to summary judgment because no evidence sufficient to prove the claim is found in the record;

- To the extent the Estate claims that Regions improperly paid transactions against the account of its decedent while the decedent was mentally incapacitated, Regions is entitled to summary judgment because the claim is barred by O.C.G.A. § 11-4-405(a);

- To the extent the Estate claims that Regions improperly debited the account of its decedent for unauthorized ATM and debit card transactions, Regions is entitled to summary judgment because the claim is barred by the statute of limitations;

- To the extent the Estate claims that Regions improperly paid unauthorized checks drawn on the account of its decedent, Regions is entitled to partial summary judgment because any claim based on checks paid prior to September 26, 2003 is barred by the statute of limitations;

- To the extent the Estate claims that Regions improperly paid unauthorized checks drawn on the account of its decedent, Regions is entitled to partial summary judgment because, as to most checks that the Estate contends are forgeries, the Estate and its decedent failed to give Regions timely notice of the unauthorized signatures; and

- To the extent the Estate claims that Regions improperly transferred funds from the account of its decedent to other accounts, and that Regions improperly permitted the account of its decedent to be pledged as collateral for debt, Regions is entitled to summary judgment because there is no evidence that such transactions occurred with respect to the account at issue.

For these reasons, and for the reasons set forth in the accompanying Memorandum of Law, Regions is entitled to summary judgment on all claims, except the claim that Regions paid without authority Check Nos. 3257 and 3258. Accordingly, the Court should enter partial summary judgment for Regions.

This 22nd day of June, 2009.

                        **PARKER, HUDSON, RAINER & DOBBS, LLP**

                By:  <u>/s/ Keith R. Blackwell</u>
                     William J. Holley, II
                     State Bar No. 362310
                     Keith R. Blackwell
                     State Bar No. 024493

1500 Marquis Two Tower
285 Peachtree Center Avenue    Attorneys for Regions Bank
Atlanta, Georgia 30303
(404) 523-5300

3

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the within and foregoing **MOTION FOR PARTIAL SUMMARY JUDGMENT** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney of record:

>Justin B. Grubbs, Esq.
>123 North Hill Street
>Suite 200
>P.O. Box 39
>Griffin, Georgia 30224

I have also deposited a true copy of same in the U.S. Mail, proper postage prepaid, addressed to the following attorney of record:

>Howard P. Wallace, Esq.
>P.O. Box 217
>859 Woodland Drive
>Griffin, Georgia 30224

This 22nd day of June, 2009.

>/s/ Keith R. Blackwell
>Keith R. Blackwell

1186489_1